NOT DESIGNATED FOR PUBLICATION

No. 128,177

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JAMES GAIL CODY CRAWFORD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed May 15, 2026. Affirmed.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Aislieger*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ATCHESON and CLINE, JJ.

PER CURIAM: A jury sitting in Leavenworth County District Court convicted James Gail Cody Crawford of felony fleeing and attempting to elude a law enforcement officer in violation of K.S.A. 8-1568. The district court imposed a guidelines sentence of 14 months in prison with postrelease supervision for 12 months. Crawford appeals on the sole ground that two potential jurors made oblique comments during voir dire suggesting he may have had an earlier criminal conviction, thereby tainting the other potential jurors and depriving him of a fair trial. Crawford raised the issue for the first time in a motion for a new trial that the district court denied. By waiting to raise the issue, Crawford failed

1

to preserve his claim of jury taint for appellate review because he neither objected nor sought other relief during the jury selection process when the district court could have contemporaneously addressed the matter. See *State v. Wood*, 235 Kan. 915, 918-19, 686 P.2d 128 (1984). We, therefore, affirm the conviction and sentence.

Given the issue and our disposition of it, we need not and do not recount the underlying circumstances of the March 2024 crime or the jury trial three months later. Suffice to say, two prospective jurors indicated they may have had contact with Crawford years earlier during their employment with governmental agencies that typically deal with convicted criminals. Crawford's lawyer did not object or otherwise seek any relief from the district court during jury selection and passed the jury panel for cause. Crawford raised the claim of jury taint resulting from the prospective jurors' comments for the first time after he had been convicted and sought a new trial. That's too late and amounted to a waiver of the issue.

We need not belabor our conclusion. The Kansas Supreme Court's decision in *Wood* is on point and controlling. In that case, during the selection process, a prospective juror said she had heard much about the case and believed the defendant to be guilty. The district court excused the prospective juror, and the prosecutor and defense counsel passed the jury panel for cause without any further discussion of the prospective juror's comments. The next day, defense counsel requested the jury panel be stricken because the comments had impermissibly tainted the group. The district court denied the request. On appeal, the court held that "defendant's failure to object contemporaneously, coupled with his affirmative act of passing the jury for cause, waived any complaint defendant may have had relative to the [prospective juror's] statement." 235 Kan. at 919. That holding applies here and undoes Crawford's claim for relief.

As *Wood* functionally recognizes, the adversarial trial process requires parties to contemporaneously call a district court's attention to ostensible errors in that process so

they can be promptly addressed and corrected if necessary. A party may not forgo a timely objection only to raise the point for the first time in an attack on an adverse verdict.

On appeal, Crawford offers two additional and badly miscast arguments. First, he contends the comments made during jury selection somehow implicated K.S.A. 60-455 that limits the use of a defendant's past criminal convictions or other legal wrongs as evidence against them. But the statute applies only to evidence, and statements of prospective jurors during voir dire are not evidence.

Second, Crawford contends a contemporaneous objection is not required to preserve a claim of jury taint resulting from remarks prospective jurors may have made during the selection process. He cites four cases that supposedly support his contention. But in each case, the defense lawyer promptly requested a mistrial based on the remarks; those facts failed to make their way into Crawford's brief. By its very nature, a request for a mistrial entails an objection coupled with a specific form of relief—the mistrial itself. Crawford's argument is both misleading and meritless.

Affirmed.